UNITED STATES of America, Plaintiff-Appellee,

v.

John Earl WENDLING, Defendant-Appellant.

No. 76–1221
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

Manuel A. Fernandez, Chalmette, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Wendling appeals his conviction for perjury before a federal Grand Jury investigating gambling in St. Bernard Parish, Louisiana. Wendling was questioned before the Grand Jury regarding a conversation he held with an informant equipped with a wireless transmitter in a New Orleans lounge. His perjury conviction was based on answers that were contrary to his statements made during the transmitted conversation. We affirm.

We find no merit in Wendling's first three points of error regarding (i) denial of the motion to suppress the tape recorded conversation, (ii) admission of testimony by a witness regarding payments to Wendling, allegedly as bribes, and (iii) repetition by the District Judge of part of the jury instructions, on request by the jury during its deliberations.

We also find no merit to Wendling's challenge to the *Miranda* warnings he was given before his grand jury appearance. He claims that (i) he had a right to be informed that if he could not afford an attorney one would be appointed "free of charge" and (ii) that the very nature of grand jury questioning of a putative defendant violates due process even when full *Miranda* warnings are given.

At the time of Wendling's grand jury appearance, January 7, 1975, Fifth Circuit law required that any virtual or putative defendant be given full *Miranda* warnings before his grand jury testimony. *United States v. Mandujano,* 5 Cir., 1974, 496 F.2d 1050, 1055. This requirement was fully met.

Recently the Supreme Court has reversed this Court and held that a grand jury witness, even when he is a putative defendant, has a right only to claim his Fifth Amendment privilege against self-incrimination. *United States v. Mandujano,* 1976, —— U.S. ——, 96 S.Ct. 1768, 48 L.Ed.2d 212 [1976,

44 U.S.L.W. 4629, 4632].[1] Therefore, any claim regarding the sufficiency of *Miranda* warnings at a grand jury hearing must fall.

AFFIRMED.

---

1. The Court specifically pretermitted decision on whether a warning of the Fifth Amendment privilege is necessary. At ——, 96 S.Ct. 1779 n. 7, 44 U.S.L.W. 4635 n. 7.